The opinion of the Court was delivered by
O’Neall, J.
In this case, as in many others, we are constantly reminded of mercantile law, as if it was some strangely mysterious science, known only to those who are constantly engaged in enforcing it. Rut, as was ruled by Lord Mansfield, and his associates, in Pillans & Rose vs. Van Mirop & Hopkins, Burr. 1665, I think we may reply to all such suggestions, “ the law of merchants and the law of the land is the same,” and, as in the administration of the latter, mistakes may occur in its application to facts not understood, or imperfectly stated. But, .generally, there is less difficulty in deciding a question of mercantile law, which is said to have been placed by Lord Mansfield on exact right,- than in more abstruse, and refined technical principles.
In this case, at this time, I first intend to consider, whether the letter of Bingley, and its contents, were admissible in evidence on the proof before the recorder, and if not, on what proof, and how far it may be evidence.
1. The recorder tells us, that it was received on the proof of the handwriting of Bingley. On such proof, it was no more than Bingley’s declarations, and was most clearly inadmissible. If it can be shown, as was said in the argument, that the letter of Bingley was received by the defendants, and that it con *133 tained the bill of lading, then this so far is admissible, as a fact, that the defendants thus became possessed of the bill of lading; but then the contents of the letter could not be read. The rule in this respect, may be better illustrated by supposing, that Bingley in person had delivered the bill of lading to the defendants. This fact may be proved, but the witness could not go on and state Bingley’s declarations, as to his title, or the disposition of it, until his right of disposition was otherwise shown.
2. The recorder says, that he instructed the jury, that the defendants, under the circumstances, were not accountable to the plaintiffs for the proceeds of the goods sold. This Court, when the case was before us a year ago, ruled that the defendants must account to the plaintiffs from whom they received the goods, unless they can show, that the right of the plaintiffs has been transferred to some other person. 7 Rich. 133.
It does not appear that the jury, under the instruction of the recorder, passed on any such question. Primarily, the accountability of the defendants to the plaintiffs, is shown by the shipment. For it must be remembered that a consignee’s right is not generally that of owner. Usually cotton is sent by the owner to a factor for sale, so goods are consigned to auctioneers for the same purpose: there is in such cases no right of property for any other purpose. That was the case here; the defendants were auctioneers; the goods were sent to them for sale, and hence the ruling formerly in this case.
The doctrine of stoppage in transitu, has nothing to do with this case. The inquiry is one of fact, did G-raff & Co. sell and deliver the consignment to Bingley? It is plain they once contracted to sell. But it may be, as they affirm, that they never delivered constructively the goods to him, and that their shipment to the defendants, with their private marks on the bungs, was enough to have so informed them. The bill of lading is strictly assignable only by the consignees; it is true, the shippers having the right of property, can by writing on it, *134 or in any other manner, whereby they change the right of property, pass to another all their rights.
The possession of one of the three usual bills of lading, by a third person, neither consignor, consignee, nor master, does not of itself give the rights of the consignor to him. There must be other facts shown, such as that he was owner of the goods, having bought them from the consignor; or that the consignor delivered to him the bill of lading to give him the control of the goods, or their proceeds, in the hands of the consignee. .In either of these cases, or others of similar character and effect, it may be, that a payment to the holder of the bill of lading would be good.
It does not seem to me that the recorder properly understood the question under this second head, and that the case under it, as well as the first ground, should go back for another investigation.
The motion for a new trial is granted.
Warblaw, Withers, Whither, Glover, and Muhro, JJ., concurred.
Motion granted.